# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD YOUNGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-104-SPS |
| | ) |
| MUSKOGEE POLICE DEPARTMENT, | ) |
| and CHANSEY MCMILLIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT MUSKOGEE
## POLICE DEPARTMENT'S MOTION TO DISMISS

This matter is before the Court on the Defendant Muskogee Police Department's Motion to Dismiss and Brief in Support [Docket No. 3]. The Plaintiff Donald Younger instituted this action against the Defendants Muskogee Police Department and Chansey McMillin, upon allegations of unreasonable and excessive force in violation of the Oklahoma Governmental Tort Claims Act, and in violation of his Fourth and Fourteenth Amendment Constitutional rights. The Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331, and the Muskogee Police Department now seeks dismissal as a non-suable entity. For the reasons set forth below, the Motion to Dismiss is hereby GRANTED.

A municipal police department is ordinarily not a legally suable entity under 42 U.S.C. § 1983. *See Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."), *and citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The

'City of Denver Police Department' is not a separate suable entity."), *vacated as moot*, 800 F.2d 230 (1986). The Plaintiff nevertheless asserts that the Muskogee Police Department *is* a suable entity under Oklahoma statutory authority because a municipality comes within the meaning of a "political subdivision" and a "state" includes departments, agencies, and authority, thus *ipso facto*, if a department, agency, or authority is included within a state, then a department, agency, and/or authority would be included in a municipality as well. *See* Okla. Stat. tit. 51, § 152. This argument fails to address the law as to cases brought under § 1983 and is contrary both on face of the statute, *see* Okla. Stat. tit. 51, § 152(11)(a) (defining "political subdivision" to mean a municipality), and to case law, *see Lindsey v. Thompson*, 550 F. Supp. 2d 1285, 1289 (E.D. Okla. 2006) ("[T]he Plaintiff has attempted to sue a number of entities . . . that are not legally suable entities, *e.g.*, the Healdton Police Department, the Wilson Police Department and the Carter County Sheriff's Department."), *citing, inter alia*, *Martinez*, 771 F.2d at 444. *See also Miller v. City of Claremore*, 2006 WL 2316245, at *1 ("Under Oklahoma law, the [Claremore Police Department] does not enjoy a separate legal existence from defendant City of Claremore. As such, the CPD may not be sued under 42 U.S.C. § 1983 or state law because it lacks legal identity apart from the municipality."), *citing* Okla. Stat. tit. 51, § 152; *Martin v. Buckman*, 1994 OK CIV APP 89 ¶ 8, 883 P.2d 185, 188 (noting with approval the dismissal of Tulsa Police Department as "legal non-entity").

Accordingly, IT IS ORDERED that the Defendant Muskogee Police Department's Motion to Dismiss and Brief in Support [Docket No. 3] is hereby GRANTED. The

Muskogee Police Department is hereby dismissed, and Plaintiff is given fourteen days to amend his Complaint.

**DATED** this 13th day of May, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma