IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DONALD YOUNGER, an individual, )
)
        Plaintiff, )
)
v. ) Case No. CIV-16-104-SPS
)
CITY OF MUSKOGEE, CHANSEY )
MCMILLIN, and LINCOLN )
ANDERSON, )
)
        Defendants. )

## ORDER GRANTING DEFENDANT CITY OF MUSKOGEE'S PARTIAL MOTION TO DISMISS

The Plaintiff Donald Younger sued the Defendants City of Muskogee, Chansey McMillin, and Lincoln Anderson, alleging he was the victim of excessive force while under arrest, in violation of the Fourth and Fourteenth Amendments, as well as the Oklahoma Constitution and Oklahoma Governmental Tort Claims Act. The City of Muskogee has moved for partial dismissal as to the Plaintiff's Oklahoma Governmental Tort Claims Act and Oklahoma Constitutional claims. For the reasons set forth below, the Court finds that the Defendant City of Muskogee's Partial Motion to Dismiss and Brief in Support [Docket No. 20] should be GRANTED.

In his Second Amended Complaint, the Plaintiff appears to assert, *inter alia*, alternative claims under the Oklahoma Governmental Tort Claims Act (OGTCA) and the Oklahoma Constitution, *i. e.*, a *Bosh*[1] claim. Defendant City of Muskogee contends that: (i) the Plaintiff's OGTCA claim must be dismissed because he failed to comply with the

---
[1] *Bosh v. Cherokee County Building Authority*, 2013 OK 9, 305 P.3d 994.

notice requirements under the statute, and (ii) the Plaintiff's *Bosh* claim is improper because he has a claim under the OGTCA. For the reasons set forth below, the Court agrees these claims should be dismissed.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555, 556, 557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The statutory provisions of the OGTCA state: "Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages." 51 Okla. Stat. § 156. Furthermore, "[n]o action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within [180] days after denial of the claim as set forth in this section." 51 Okla. Stat.

§ 157(B). Any claims not noticed are barred unless timely submitted. 51 Okla. Stat. § 156(B). As part of the notice requirements, § 156(D) requires that "[a] claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body." Additionally, under § 156(E), "[t]he written notice of claim to the state or a political subdivision shall state the date, time, place and circumstances of the claim, the identity of the state agency or agencies involved, the amount of compensation or other relief demanded, the name, address, and telephone number of the claimant, the name, address and telephone number of any agent authorized to settle the claim[.]" 51 Okla. Stat. § 156(E).

Although the Defendant did not specify whether the Rule 12(b)(1) attack on subject matter jurisdiction is based on the face of the complaint or facts contained in their complaint, the Court finds they have lodged a factual attack on subject matter jurisdiction. In their motion, the Defendant attached a copy of the Plaintiff's OGTCA "Notice of Tort Claim" indicating that they are going beyond the face of the Complaint, thereby challenging "facts upon which subject matter jurisdiction is based." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). Additionally, the argument that the Plaintiff's notice was insufficient logically requires review of it and thus the factual basis of the Complaint. *Lopez v. City of Tulsa*, 2010 WL 3825395, at *2 (N.D. Okla. Sept. 27, 2010) ("[T]he City of Tulsa's argument is premised upon allegedly insufficient allegations in the Notice. Analysis of this argument necessarily requires review of the Notice. The Court therefore construes the City of Tulsa's motion as a factual attack on subject matter jurisdiction."). "When reviewing a factual attack on

subject matter jurisdiction under Rule 12(b)(1), a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)," *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), and "reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion[.]" *Stuart*, 271 F.3d at 1225.

On March 18, 2015, the Plaintiff, through a paralegal at the Garrett Law Center in Tulsa, Oklahoma, sent a "Notice of Tort Claim" (hereinafter, "NTC"), which was addressed to the City of Muskogee's City Attorney's office, and which CC'ed the Muskogee Police Department and the City Clerk for the City of Muskogee. *See* Docket No. 22, Ex. 1, pp. 1-2. The NTC, as submitted by the Defendant, indicates that the City Clerk stamped it "Received" on March 18, 2015. In the NTC, the Plaintiff asserted that he was wrongfully assaulted and wrongfully arrested on or about May 21, 2014, by the Muskogee Police Department. *Id.* The NTC further stated that the time was "daytime"; the place was "State of Oklahoma, Muskogee County"; the circumstances were that the Plaintiff was "wrongfully assaulted and was wrongfully arrested by Muskogee Police Department"; the agency involved was "Muskogee Police Department"; and the relief demanded was "[i]n excess of $10,000.00." *See* Docket No. 22, Ex. 1, pp. 1-2. The letterhead on the NTC included the Plaintiff's agent's information, but it did not include the address or telephone number of the Plaintiff. *Id.*

The Defendant first argues that Plaintiff's OGTCA claim must be dismissed because the Plaintiff failed to comply with all of the notice requirements of §§ 156(D)

and (E). Specifically the Defendant argues that the NTC was not filed with the City Clerk as required by statute, and the Plaintiff failed to comply with the prerequisites for written notice, including the requirement to supply the claimant's address and telephone number. The Plaintiff asserts that the NTC was sufficient and Defendant's acceptance of the notice given can be inferred because the Defendant never requested further information on the claim. Moreover, the Plaintiff asserts that the Defendant actually acknowledged the claim when the Defendant's claim representative from Oklahoma Municipal Assurance Group responded by acknowledging receipt of the letter. Docket No. 22, Ex. 3.

Taking each of the Defendant's arguments in turn, the Court notes that, on its face, the Plaintiff's NTC complied with the requirement to notify the City Clerk, and that the exhibit *submitted by Defendant* indicates that it was, in fact, filed with the Office of the City Clerk. Docket No. 22, Ex. 1, pp. 1-2. Accordingly, Plaintiff did comply with the requirement of § 156(D). Nevertheless, the question remains as to whether the Plaintiff also complied with the notice requirements of § 156(E). This is a closer question.

The Court is cognizant of cases in Oklahoma stating that "substantial compliance with the notice requirements of the Act is satisfactory as long as enough information is provided to fulfill the purposes of those requirements." *Kennedy v. City of Talihina*, 2011 OK CIV APP 108 ¶ 6, 265 P.3d 757, *citing Mansell v. City of Lawton*, 1995 OK 81, ¶ 9, 901 P.2d 826, *superseded by statute as stated in Minie v. Hudson*, 1997 OK 26 ¶ 6 & n.12, 934 P.2d 1082, 1085 n. 12. However, "[a]lthough Oklahoma once relied on the doctrine of substantial compliance with regard to tort claims, recent developments in

Oklahoma law call the doctrine of substantial compliance into question." *Dixon v. Board of County Commissioners of the County of Oklahoma*, 2016 WL 5017332, at *3 (W.D. Okla. Sept. 19, 2016) (slip op.), *quoting Duncan v. Stroud*, 2015 OK CIV APP 28, ¶ 11, 346 P.3d 446, 449 ("We agree . . . that *Minie*[*v. Hudson*, 1997 OK 26, 934 P.2d 1082] abrogated the doctrine of substantial compliance. As recently noted by the Supreme Court: 'The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedural regime is not allowed.'"), *quoting Slawson v. Board of County Commissioners of Local County*, 2012 OK 87, ¶ 6, 288 P.3d 533, 534 ("The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedure is not allowed."). The Oklahoma Supreme Court has stated that "compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 [of the OGTCA] are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government." *Shanbour v. Hollingsworth*, 1996 OK 67, ¶ 7, 918 P.2d 73, 75, *citing Cruse v. Board of County Commissioners of Atoka County*, 1995 OK 143 ¶¶ 16-17, 910 P.2d 998, 1004-1005. *See also Hill v. State ex rel., Board of Regents of University of Oklahoma*, 2016 OK CIV APP 14, ¶ 8, 367 P.3d 524, 526 (Dec. 18, 2015) (Rejecting the "substantial compliance" doctrine where Plaintiff did not provide notice of her claim against the state to the Office of Risk Management, stating, "Section 156 plainly sets forth how a claimant is to provide notice under the GTCA and leaves no discretion for how a claimant is to submit a notice of injury.").

This does not, however, end the inquiry. The Court in *Kennedy* was addressing a Notice that provided all information except for the amount of compensation claimed. Failure to include such information is directly addressed by § 156(E), which states, "Failure to state either the date, time, place and circumstances and amount of compensation demanded, or any information required to comply with the reporting claims to CMS under MMSEA shall not invalidate the notice unless the claimant declines or refused to furnish such information after demand by state or political subdivision." Moreover, the Oklahoma Supreme repudiated this doctrine in *Slawson* in the year following *Kennedy*. 2012 OK 87, ¶ 6, 288 P.3d 533, 534 ("The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedure is not allowed."). Importantly, the statutory exception to compliance with the statute *does not* apply to the provision of contact information (name, address, telephone number) for the claimant and the claimant's agent. It therefore appears that under Oklahoma law, "the absolute minimum for compliant notice is the identity of the state agency or agencies involved; the name, address and telephone number of the claimant; and the name, address, and telephone number of any agent authorized to settle the claim." *Griffey v. Kibois Area Transit Systems*, 2014 OK CIV APP 23, ¶¶ 8-10, 328 P.3d 687 (June 19, 2013) (emphasis in original) ("[W]e find that a communication *must* be compliant with the minimal requirements of § 156(E) before a state entity can deem it notice . . . Had the letter been the only information submitted, it *may not have complied* with § 156(E). However, the letter included a copy of the police report of the accident, which *clearly contained Griffey's address and phone number*."). In this case, the NTC

did not include the Plaintiff's address or telephone number and thus does not comply with the minimum statutory requirements of §156(E).

The Plaintiff contends that the notice should also be deemed sufficient because he states that the Defendant actually acknowledged his claim. In support, the Plaintiff attached a letter from the Oklahoma Municipal Assurance Group ("OMAG"), which states that the Director of Claims "will be directing the handling of this matter and will be in touch in the future." Docket No. 22, Ex. 3. Oklahoma courts, in ruling on a related issue of the notice deadline, have held that communication from a city's insurance company is not communication from the city itself with regard to acceptance or denial of a claim. *See Duncan v. City of Stroud*, 2015 OK CIV APP 28, ¶ 16, 346 P.3d 446, 450 ("To the extent that OMAG is the City's insurance company, we cannot permit the senior claims manager's promise 'to be in touch in the near future' to 'lull' Duncan, whether intentionally or unintentionally, 'into a false sense of security concerning the applicable denial date under [section] 157 and then rely on the induced delay as a defense to an action.'"), *citing Carswell v. Oklahoma State University*, 1999 OK 102, ¶ 13, 995 P.2d 1118, 1122.

The Court is also mindful that the Court in *Duncan* stated, "[t]he GTCA 'should not be given a construction which will defeat the ends of justice.'" 2015 OK CIV APP 28, ¶ 17, 995 P.2d at 450. That statement, however was made within the context of applying to early, *pre-notice communication* between a tort claimant and the government, and not with the basic statutory requirements for notice. *Id. Accord McWilliams v. Board of County Commissioners of Comanche*, 2011 OK 103, ¶ 24, 268 P.3d 79, 85 (with

regard to allowing liberal substitution of parties, "Rather than rely on a hyper-technical application of the Act, this Court will consider the purpose behind the GTCA and apply a more reasoned approach sounding in equity.").

Accordingly, in light of the Oklahoma Supreme Court's holding in *Slawson* and the further clarification in *Griffey*, the Court finds that the NTC from Garrett Law Center, PLLC, dated March 18, 2015, is insufficient to serve as proper notice under the OGTCA, and that his claim as to the City of Muskogee under the OGTCA must therefore be dismissed for lack of subject matter jurisdiction. *Slawson*, 2012 OK 87, ¶ 6, 288 P.2d at 534; *Griffey*, 2014 OK CIV APP 23, ¶¶ 8-10, 328 P.3d 687 (June 19, 2013) ("[W]e find that a communication *must* be compliant with the minimal requirements of § 156(E) before a state entity can deem it notice[.]") (emphasis in original). *See also Hill*, 2016 OK CIV APP 14, ¶ 13, 367 P.3d at 528 ("Considering the undisputed fact that Plaintiff here did not provide notice to the Office of Risk Management as required by the GTCA along with the mandatory statutory language and the questionable validity of prior 'substantial compliance' case law, we agree with the trial court's dismissal of Plaintiff's suit."), *citing Slawson*, 2012 OK 87, ¶ 6, 288 P.2d at 534.

Next, the Defendant contends that, if the Plaintiff has raised a sufficient claim under the OGTCA, Plaintiff's *Bosh* claim fails because he has a cause of action available under the OGTCA. The Plaintiff agrees that this correctly states the law, but argues that immunity under the OGTCA is discretionary and that the Court in each case must issue a denial under the OGTCA before a *Bosh* claim can be established. In fact, he goes so far as to argue that a *jury* must decide whether the Defendant's employees were acting within

the scope of their employment with regard to the alleged facts *before* immunity under the OGTCA can be considered. This wholly misstates the law. The Plaintiff in *Bosh* was barred from bringing a claim under the OGTCA because municipalities are immunized from liability arising out of operation of prison facilities. *See Bosh v. Cherokee County Building Authority*, 2013 OK 9 ¶ 17, 305 P.3d 994, 1000 ("[T]he OGTCA expressly immunizes the state and political subdivisions such as counties and municipalities from liability arising out the operation of prison facilities. This does not mean that injured tort victims are at the mercy of their captors to be beaten, assaulted, and left without medical attention without any remedy to deter such conduct."), *and* 51 Okla. Stat. § 155(25). But as the Oklahoma Supreme Court later clarified, "employer liability for police officer's alleged excessive force conduct under the OGTCA is well settled." *Perry v. City of Norman*, 2014 OK 119, ¶ 19 & n.14, 341 P.3d at 693 & n.14 (Dec. 16, 2014) ("Because the plaintiff could have brought a claim for excessive force against the City under the OGTCA and potentially recovered for that claim, he was not left without a remedy."). The Court continued, stating, "[P]ursuant to our previous pronouncement in [*Bosh*], claims for excessive force against a municipality may not be brought against a governmental entity when a cause of action under the OGTCA is available." *Perry*, 2014 OK 119, ¶ 20, 341 P.3d at 693. *See also Aery v. Nuckolls*, 2016 WL 5795322, at *5 (N.D. Okla. Oct. 4, 2016) ("There is no blanket immunity here barring plaintiff from bringing a claim under the OGTCA like there was in *Bosh*. Therefore, the reasoning of *Bosh*, to prevent governmental entities from immunizing themselves from liability for violations of the Oklahoma Constitution, does not apply here. In *Perry*, the Oklahoma

Supreme Court limited *Bosh* to situations in which no other avenue is available to bring a claim for governmental liability.").

Accordingly, the Court agrees with Defendants that the Plaintiff's state constitutional claim must be dismissed because it is well-settled Oklahoma law the Plaintiff's claim falls under the OGTCA. *See Sanders v. State of Oklahoma ex rel*, 2016 WL 1737135, at *4 (W.D. Okla. May 2, 2016) (slip op.) ("To the extent plaintiff suggests she has some claim independent of the OGTCA, there is none in these circumstances. The Oklahoma Supreme Court has recognized a private right of action for constitutional violation in some circumstances, notwithstanding the limitations of the OGTCA. However, such a claim does not arise if there is some other remedy, such as a claim under the OGTCA, available. Here, plaintiff has not suggested that an OGTCA claim in unavailable. Indeed, the complaint makes clear that she submitted a notice of claim on the assumption such a claim *was* available. As a result, there is no basis for arguing that *Bosh* authorizes a claim independent of the OGTCA.") (citation omitted).

In summary, the Defendant City of Muskogee's Partial Motion to Dismiss and Brief in Support [Docket No. 20] is hereby GRANTED, and the Plaintiff's claims under the Oklahoma Governmental Tort Claims Act and the Oklahoma Constitution against the city of Muskogee are hereby DISMISSED.

**IT IS SO ORDERED** this 15th day of November, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma